NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
THOMAS L. LIDDELL,            :
                              :   Civil Action No. 09-6380 (DMC)
              Plaintiff,      :
                              :
       v.                     :       O P I N I O N
                              :
STATE OF NEW JERSEY, et al.,  :
                              :
              Defendants.     :
_____:
```

APPEARANCES:

Thomas L. Liddell, Pro Se
SBI# 765880-D
Adult Diagnostic and Treatment Center
8 Production Way- 7 Right
Avenel, NJ 07001

**CAVANAUGH, District Judge**

Plaintiff, Thomas L. Liddell, currently confined at the Adult Diagnostic and Treatment Center, Avenel, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff submitted a motion for a temporary restraining order and preliminary injunction, docketed as a civil complaint, to restrain defendants from going through with a disciplinary hearing in which he would lose good time credits. He names as defendants: the State of New Jersey; David Weaver, a prosecutor in Sussex County, New Jersey; Ms. Madden, an investigator; and Mr. Craig Conway, the Administrator of the Adult Diagnostic and Treatment Center ("ADTC") where he is confined.

Specifically, Plaintiff asserts that he was ordered by the criminal court not to contact his victims, who were his daughters. Plaintiff states that in February of 2009, while housed at the ADTC, he was charged with prohibited acts .256 (refusing to obey the orders of any staff member) and .701 (unauthorized use of mail or telephone). He was found guilty and was sanctioned to 30 days detention, 180 days administrative segregation, and 120 days loss of commutation time. The decision was appealed to Administrator Goodwin, and was upheld. At the

time he filed this action, the matter was pending before the Superior Court of New Jersey, Appellate Division.

However, in November of 2009, he was charged with the same charges for writing a letter to the victims' address. Plaintiff asserts numerous factual allegations concerning the charges, which are not relevant here. Plaintiff seeks to enjoin that second disciplinary hearing from taking place so that he is not sanctioned with loss of good conduct time again.

## DISCUSSION

### A.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

4

cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

B.   **SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.   PETITIONER'S CLAIMS

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  See 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See 411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of

6

relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. See 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

8

Here, the challenged prison disciplinary proceedings resulted, or will result, in the loss of good time credits. Accordingly, any § 1983 action challenging the proceedings is premature until such time as the proceedings have been otherwise invalidated. Therefore, this claim must be dismissed without prejudice.

Furthermore, to the extent that Plaintiff's submission takes the form of a request for a temporary restraining order and preliminary injunction, his claims are denied. To secure the extraordinary relief of a preliminary injunction, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant[s]; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999). A plaintiff must establish that all four factors favor preliminary relief. See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

In this case, Plaintiff's request for preliminary injunctive relief will be denied. Plaintiff has not shown the likelihood of success on the merits, as described in this opinion, and has not shown how it is in the public interest to restrain defendants

9

from charging him with disciplinary violations for contacting his victims.

## CONCLUSION

For the reasons set forth above, the complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. It does not appear that Plaintiff could amend the complaint, at this time, to overcome the deficiencies noted herein. An appropriate order follows.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 6/30/10